**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7995**

ROBBIE SHERRON,

             Plaintiff - Appellant,

        v.

BUTCH JACKSON; MARY A. WILLINGHAM; F. HANS, Nurse; LINDA
PADGETT; DONALD V. MICLOS; MICHAEL BELL,

             Defendants – Appellees,

        and

NORTH CAROLINA DEPARTMENT OF CORRECTIONS; CURTIS CLIFFORD,
Dr.; DAVID M. HINDS; NURSE HAWNS,

             Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge. (5:06-ct-03089-D)

Submitted:  March 31, 2009          Decided:  April 23, 2009

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robbie Sherron, Appellant Pro Se.  Elizabeth F. Parsons,
Assistant Attorney General, Raleigh, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Sherron seeks to appeal the district court's order granting partial summary judgment for Defendants and denying Sherron's motion to compel discovery, motion for a hearing pursuant to Fed. R. Civ. P. 26(f), motions for preliminary injunctions, and motions for temporary restraining orders. Sherron also seeks to appeal the district court's order denying his motion for appointment of counsel. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). With the exception of the portion of the order denying Sherron's motions for preliminary injunctions, the orders Sherron seeks to appeal are neither final orders nor appealable interlocutory or collateral orders.

The order denying a preliminary injunction is, however, an appealable interlocutory order. See 18 U.S.C. § 1292(a)(1). However, Sherron failed to file a timely notice of appeal of this order. Parties in a civil case in which the United States is not a party have thirty days following entry of a final order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(a). Upon a finding of excusable neglect or good cause the district court may extend this period up to thirty

3

days beyond the original appeal period, or reopen the appeal period upon a party's motion. Fed. R. App. P. 4(a)(5), (6). These time periods are mandatory and jurisdictional. <u>Bowles v. Russell</u>, 557 U.S. 205, ___, 127 S. Ct. 2360, 2365 (2007); <u>Browder v. Dir., Dep't of Corr.</u>, 434 U.S. 257, 264 (1978).

The order denying Sherron's motions for preliminary injunctions was entered on August 4, 2008, and Sherron did not file his notice of appeal until, at the earliest, September 6, 2008, three days beyond the expiration of the thirty-day appeal period.[*] Therefore, Sherron's notice of appeal was untimely.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*] <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).